[No. 26261. Department One. January 29, 1937.]

PETER MOOTZ, *Appellant*, v. SPOKANE RACING AND FAIR ASSOCIATION *et al.*, *Respondents.*[1]

*Gleeson & Gleeson,* for appellant.

*Danson, Lowe & Danson* and *Robert R. Pence,* for respondents.

MAIN, J.—This action was brought to recover damages for the breach of an alleged oral contract. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendants challenged the sufficiency thereof and moved for a dismissal. This motion, as to the defendants

[1]Reported in 64 P. (2d) 516.

Robert R. Pence, I. L. Hildenbrandt, and Lee Thorpe, was sustained, and denied as to the other defendant, Spokane Racing and Fair Association, Inc. From there on, the case proceeded as against the defendant remaining. The jury returned a verdict in favor of the plaintiff in the sum of $1,200. The defendant moved for judgment notwithstanding the verdict, which was sustained, and from the judgment dismissing the action the plaintiff appeals.

The city of Spokane owned a fair ground located a short distance from the city. Upon this fair ground, there had been constructed a race track and a grandstand. Under the grandstand, there was room for concessions such as are generally found at a fair or racing meet. For two or three years prior to the year 1935, the fair grounds had not been used.

During the latter part of the year 1934, the appellant, Peter Mootz, thought that a horse racing meet could be put on at the grounds during the coming year if a lease could be obtained from the city and other necessary arrangements made. Looking to this end, he discussed the matter with Pence, who at first was inclined to take the view that the matter was not practical. Later, he became persuaded that the proposition had sufficient merit to justify further investigation. As a result, Hildenbrandt and Thorpe were brought into the conference. Thereafter, the matter was discussed between the three men named and the appellant, and investigations were pursued, with the result that, on May 2, 1935, the parties having previously agreed to form a corporation, articles were drawn and signed. The name of the corporation was the Spokane Racing and Fair Association, Inc.

May 15, 1935, and before the articles were filed with the secretary of state, the appellant claims that he made a contract with Pence, Hildenbrandt, and Thorpe,

to the effect that he was to have the concessions under the grandstand, agreeing to pay therefor 17½ per cent of the amount of the gross sales. There were two other items in this claimed contract, but the one with reference to the concessions is the only one now in the case, and no attention need be paid to the others.

The articles of incorporation were filed with the secretary of state May 24, 1935, or about nine days after the alleged contract upon which the appellant relies was made. The persons named in the articles of incorporation to manage it for the first two months were Pence, Hildenbrandt, and Thorpe. The first meeting of the stockholders of the corporation was held July 2, 1935, at which a new board of trustees, consisting of five members, was elected and only one, Pence, of the trustees named in the articles to manage the affairs of the corporation for the first two months was included. The trustees elected by the stockholders qualified and elected officers. The city of Spokane leased the fair grounds to the corporation. Thereafter, a horse racing meet was put on, which lasted for a period of about sixty days. The concessions under the grandstand were let on competitive bidding, the appellant being one of the bidders, but they went to others.

Sometime after the stockholders' meeting, the appellant went, as he says, to the president of the corporation and asserted his rights to the concessions. The president refused to consider the matter. Sometime after the conclusion of the racing meet, the appellant brought the present action to recover, in addition to the two items which now need not be considered, the net profits which he claims he would have made had the concessions been given to him.

It must be remembered that the parties, Pence, Hildenbrandt, and Thorpe, with whom it is alleged the

contract was made, are now out of the case, and no complaint appears to be made because the trial court sustained the challenge to the sufficiency of the evidence as to those parties.

The question is whether there was any evidence or reasonable inference from evidence which, under the law, would sustain a judgment against the corporation. If the corporation is liable, it must, as it appears to us, be on one of two theories; either that it was a *de facto* corporation at the time the agreement was claimed to have been made, or that the corporation, subsequent to its organization, ratified the same.

Before there can be a *de facto* corporation, three essentials are necessary: (a) a charter or general law under which such corporation as it purports to be might lawfully be organized; (b) an attempt to organize thereunder; and (c) actual user of the corporate franchise.

In *Tulare Irr. Dist. v. Shepard,* 185 U. S. 1, 22 S. Ct. 531, after the citation of numerous authorities, it is said:

"From the authorities, some of which are above cited, it appears that the requisites to constitute a corporation *de facto* are three: (1) a charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) an attempt to organize thereunder; and (3) actual user of the corporate franchise."

There was, of course, in this state a general law under which the corporation could be organized, but at the time the contract relied upon was made there had been no attempt to organize under that statute. All that had been done was the drawing and signing of articles of incorporation.

Section 5, chapter 185, Laws of 1933, p. 776 (Rem. Rev. Stat. (Sup.), § 3803-5 [P. C. § 4592-35]), after pro-

viding for the filing of articles of incorporation with the secretary of state, provides that, upon the issue of the certificate of incorporation by that officer, "the corporate existence shall begin . . ." No authority has been cited, and we know of none, which holds that there can be a *de facto* corporation prior to the time that the articles of incorporation are filed with the proper officer. The respondent not being a *de facto* corporation at the time the contract relied upon is claimed to have been made, it follows that the corporation is not liable for the acts of the promoters, unless it ratified those acts.

The record is barren of any evidence from which it could be concluded that there was any ratification or adoption of the contract upon which the appellant relies. When it was called to the attention of the president of the corporation, he repudiated it. No further action appears to have been taken with reference to the matter.

In saying that there is no evidence from which it could be concluded that there was a ratification, we are not unmindful of the rule above suggested that there is no element of discretion when a motion for judgment notwithstanding the verdict is being considered. The question is purely one of law, and the motion will not be granted if there is any evidence or reasonable inference from evidence which would sustain the verdict. It may be well doubted whether the evidence in this case, in any event as to the amount of the net profits, is not too speculative to sustain a verdict. We pass this question with the mere suggestion and without the expression of any opinion thereon.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.